UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH L. RONE,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN HECTOR RIOS,<br><br>    Respondent. | 1:10-cv—00482-LJO-SMS-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DENY THE PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on March 17, 2010.

    I.  <u>Jurisdiction</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert. denied</u>, 522 U.S. 1008 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

1

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

Here, Petitioner alleges that he was denied due process of law in connection with a prison disciplinary hearing and a resulting loss of good time credits. A federal prisoner's claim that he has been denied good time credits without due process of law is a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. § 2241(c)(3). See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining procedural due process claim concerning disciplinary procedures and findings); Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); Wilkinson v. Dotson, 544 U.S. 74, 88 (2005) (Kennedy, J., dissenting). If a constitutional violation has resulted in the loss of time credits, it affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

Further, with respect to personal jurisdiction, 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by

1  the district courts "within their respective jurisdictions." A
2  writ of habeas corpus operates not upon the prisoner, but upon
3  the prisoner's custodian. Braden v. 30th Judicial Circuit Court
4  of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a
5  petition for writ of habeas corpus under 28 U.S.C. § 2241 must
6  file the petition in the judicial district of the petitioner's
7  custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir.
8  1990). The warden of the penitentiary where a prisoner is
9  confined constitutes the custodian who must be named in the
10 petition, and the petition must be filed in the district of
11 confinement. Id.; Rumsfeld v. Padilla, 542 U.S. 426, 446-47
12 (2004). It is sufficient if the custodian is in the territorial
13 jurisdiction of the court at the time the petition is filed;
14 transfer of the petitioner thereafter does not defeat personal
15 jurisdiction that has once been properly established. Ahrens v.
16 Clark, 335 U.S. 188, 193 (1948), overruled on other grounds in
17 Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. at
18 193, citing Mitsuye Endo, 323 U.S. 283, 305 (1944); Francis v.
19 Rison, 894 F.2d 353, 354 (9th Cir. 1990). A failure to name and
20 serve the custodian deprives the Court of personal jurisdiction.
21 Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003).

22  Here, Petitioner is an inmate of the United States Prison at
23 Atwater, which is located within this district. Further,
24 Petitioner has named the warden at his institution of confinement
25 as a respondent.

26  Accordingly, the Court concludes that it has subject matter
27 and in personam jurisdiction over the petition.
28 ///

## II. Screening the Petition

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Here, Petitioner challenges on due process grounds a prison disciplinary finding that he possessed, manufactured, or introduced a weapon, which resulted in loss of forty-one (41) days of good time credit. Petitioner seeks return of the lost time credit and expungement of the record of the disciplinary infraction. (Pet. 4-8.)

Petitioner has provided the Court with a record of the rules violation report, disciplinary hearing and findings, and the administrative appeals process. (Pet. 21, 15, 22, 13.) The Court has reviewed the petition, which includes apparently complete documentation of the disciplinary proceedings as well as documentation of Petitioner's having exhausted the administrative remedies available to Petitioner within the federal prison system.

Further, aside from Petitioner's denial that he committed the offense, there do not appear to be any disputed material facts with respect to the disciplinary proceedings or the evidence underlying the finding that Petitioner possessed the weapon. Petitioner has provided an apparently complete record of the proceedings in question and has set forth multiple arguments concerning the proceedings and the evidence. It does not appear that further input from Petitioner or input from Respondent is necessary in order to consider the petition on its merits.

Accordingly, the Court will proceed to determine on the merits the issues raised by Petitioner in the petition on the basis of the documentary record provided by Petitioner.

///

///

5

### III. Facts

#### A. Procedural Summary

Petitioner was accused of having possessed, manufactured, or introduced a weapon on September 26, 2008, in violation of offense code § 104. (Pet. 23.) Petitioner was given advance written notice of the charge on the date of the offense, and a hearing was held on October 15, 2008. Petitioner was advised of his rights, and Petitioner waived his right to a staff representative. Petitioner did not request witnesses, and he had no documentary evidence to submit. Petitioner did state that he was innocent because he did not know the weapon was there. (Pet. 23-24.)

A report of disciplinary hearing officer D. Lorance dated November 19, 2008, reflects that the hearing officer relied on the incident report and investigation as well as a photograph. (Pet. 24.) The hearing officer found that the act was committed as charged, and he assessed ten days of disciplinary segregation and forfeiture of forty-one (41) days of good conduct time credits. (Pet. 23-26, 24, 3.) Petitioner was given a copy of the hearing officer's report and was advised of the findings, the evidence relied upon, the reasons for the action taken, and his right to appeal. (Pet. 26.) Petitioner received the report of the hearing officer on November 19, 2008. (Pet. 3, 23-26.)

Petitioner requested the finding be expunged. On January 16, 2009, Captain W. Lothrop responded by noting that Petitioner had exercised his right to appeal through the administrative process. (Pet. 28.)

On March 19, 2009, the regional director denied Petitioner

any relief from the sanctions; he noted that Petitioner had submitted an undated statement from another inmate who claimed that the weapon belonged to him, but the regional director concluded that the statement was undated and unverified, and the evidence presented to the hearing officer was sufficient to support the finding. (Pet. 15, 22.)

Captain William Lothrop reported in June 2009 in a memorandum for the record that on December 3, 2008, inmate Gonzalez Montes approached Lothrop with a written statement, and he verbally admitted owning the sharpened instrument stored in the broom handle confiscated from Petitioner's cell on September 26, 2008. (Pet. 18.)

On November 13, 2009, the administrator of national appeals denied the appeal and adopted the hearing officer's and regional office's decision. (Pet. 3.) The administrator stated that the other inmate did not take responsibility for the contraband at the time of the hearing; however, in any event, Petitioner remained responsible for proving that he was unaware of its presence or that he lacked access to the item found because it was his responsibility to keep his area free of contraband. (Pet. 13.)

B. The Evidence

The hearing officer considered the incident report and investigation and a photograph of a sharpened instrument consisting of one rod-type weapon that was eight inches in length. (Pet. 24.)

The reporting officer stated in a report that while conducting a cell search on September 26, 2008, he stepped into

cell number 222 and found a homemade weapon that was eight inches in length, sharpened to a point, and located in a broom handle that was in the cell, which was assigned to Petitioner and Ricky Garrett. (Pet. 3, 24, 27.) Petitioner stated to the investigating officer that he got the broom from another inmate and had never gotten a "shot" at USP Atwater. (Pet. 27, 24.)

Petitioner stated at the hearing that he had gotten the broom from a Mexican in cell number 113; then chow was called, and they were locked down. Petitioner did not know the weapon was there. (Pet. 24, 3.)

Petitioner relies on the statement of fellow inmate, David Gonzalez Montes, which he submitted to the captain. (Pet. 5, 19.) Gonzalez Montes stated that he gave Petitioner a broom to use to clean his cell, and then he explained why the broom was never returned to him:

> ... because we went on lockdown in which a weapon was found inside the broom which belonged to me David Gonzalez Montes 03528-298 therefore im (sic) willing to take responsibility for the weapon that was found inside the broom.

(Pet. 16, 5.) The entirely handwritten statement was undated. It concluded with the name and number of inmate Gonzalez Montes, which could have been intended as a signature. It then states, "I declare under penalty of perjury that the foregoing is true and correct." However, it lacks a signature and date following the jurat. (Pet. 19.) There is no indication that this statement was before the hearing officer. (Pet. 23-26.)

Petitioner argues that the disciplinary finding and penalty violated his right to due process of law under the Fifth Amendment because they were based solely on Petitioner's presence

at the location of the contraband; the affidavit of the other inmate, which demonstrated Petitioner's innocence, was wrongly ignored.

IV. <u>Legal Standards</u>

Due process of law in a prison disciplinary setting is satisfied when the hearing is conducted by a neutral fact finder and the inmate is provided 1) advance written notice of the claimed violation, 2) a right to call witnesses and present documentary evidence where it would not be unduly hazardous to institutional safety or correctional goals, and 3) a written statement of the finder of fact as to the evidence relied upon and the reasons for disciplinary action taken. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-64 (1974). Confrontation, cross-examination, and counsel are not required. <u>Wolff</u>, 418 U.S. at 568-70.

Further, where a disciplinary board revokes good-time credits, due process requires that the decision to revoke credits must be supported by some evidence in the record. <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985). The Court in <u>Hill</u> stated:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." <u>United States ex rel. Vajtauer v. Commissioner of Immigration</u>, 273 U.S., at 106, 47 S.Ct., at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See <u>ibid.</u>; <u>United States ex rel. Tisi v. Tod</u>, 264 U.S. 131, 133-134, 44 S.Ct. 260, 260-261, 68 L.Ed. 590 (1924); <u>Willis v. Ciccone</u>, 506 F.2d 1011, 1018 (CA8 1974).

Superintendent v. Hill, 472 U.S. at 455-56.  The Constitution does not require that the evidence logically preclude any conclusion other than the conclusion reached by the disciplinary board; rather, there need only be some evidence in order to ensure that there was some basis in fact for the decision. Superintendent v. Hill, 472 U.S. at 457.

V.   Analysis

With respect to the requirement that some evidence support the finding that Petitioner possessed the weapon, this Court does not make its own assessment of the credibility of witnesses or re-weigh the evidence; however, the Court must ascertain that the evidence has some indicia of reliability and, even if meager, "not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir. 1987) (quoting Superintendent v. Hill, 472 U.S. 445, 457 (1985)).

In Cato v. Rushen, 824 F.2d at 705, the Court found that the Hill standard was not satisfied where the only evidence implicating the inmate was another inmate's statement that was related to prison officials through a confidential informant who had no first-hand knowledge of any relevant statements or actions by the inmate being disciplined and whose polygraph results were inconclusive.  In contrast, evidence evaluated and found to constitute "some evidence" supportive of various findings includes the report of a prison guard who saw several inmates fleeing an area after an assault on another inmate when no other inmates were in the area, Superintendent v. Hill, 472 U.S. 456-57; the statement of a guard that the inmate had admitted a theft

10

to supplement his income, coupled with corroborating evidence, Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989); an inmate's admission and corroborating, circumstantial evidence, Crane v. Evans, 2009 WL 148273, *3 (N.D.Cal. Feb. 2, 2009); and an inmate's admission of having engaged in the violation plus an officer's report of having heard a recording of the offending conversation, Dawson v. Norwood, 2010 WL 761226, *1 (C.D.Cal. March 1, 2010).

Here, the report of the investigating officer documented the officer's discovery of the weapon in a broom handle inside Petitioner's cell and in proximity to Petitioner. Thus, this case may be distinguished from cases concerning discovery of contraband in a common areas. Petitioner also admitted having the broom, which contained the weapon, and Petitioner failed to claim innocence or lack of knowledge at the time of the initial investigation of the incident. This evidence constitutes some evidence from which the conclusion of the disciplinary hearing officer might be deduced. It demonstrates that there was some basis in fact for the decision. Further, the officer personally perceived the weapon in the broom within Petitioner's cell. Thus, the evidence had some indicia of reliability. The other inmate's ownership of the broom and his statement were not inconsistent with knowledge of the contraband on the part of Petitioner, and they did not preclude the possibility that Petitioner also had knowledgeable possession of the weapon. Further, the Court notes that although Petitioner did not submit the other inmate's statement at the hearing, the statement of the other inmate was considered during the appeal process.

The Court therefore concludes that some evidence supported the decision of the disciplinary authorities, and the decision was not arbitrary.

Further, although Petitioner does not appear to claim a denial of procedural due process, the Court notes that the record reflects that Petitioner received adequate notice of the charges, an opportunity to call witnesses and to make a statement, a hearing by a neutral officer, and a statement of reasons and evidence relied upon by the decision maker.

Accordingly, the Court concludes that Petitioner has not shown that the disciplinary proceedings and finding resulted in a violation of Petitioner's rights to due process of law. Petitioner has not shown by a preponderance of the evidence that he is entitled to habeas corpus relief.

VI.  <u>Recommendation</u>

Accordingly, it is RECOMMENDED that:

1)  The petition for writ of habeas corpus be DENIED; and

2)  The Clerk ENTER judgment for Respondent; and

3)  The Clerk CLOSE the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served

and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 18, 2011**               /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE